IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 AUG 30   AM 9: 52

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                                    DEPUTY

KEVIN JONES,

          **Plaintiffs,**

-vs-

WILLIAMSON   COUNTY   and   the
WILLIAMSON COUNTY SHERIFF'S OFFICE,
          **Defendants.**

Case No.  A-12-CA-543-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Williamson County's[1] Motion for Summary Judgment [#20], and Memorandum in Support [#21], Plaintiff Kevin Jones's Response [#25] thereto, Jones's Second Amended Unopposed Motion to Extend Time [#26], Williamson County's Unopposed Motion for Extension of Time to File Its Reply [#27], Williamson County's Reply [#28], and Williamson County's Objections to Plaintiff's Summary Judgment Evidence [#29].  Having considered the documents, the file as a whole, and the governing law, the Court enters the following orders, granting the motions for extension of time, sustaining in part the objections, and granting the motion for summary judgment.

### Background

This is a Fair Labor Standards Act (FLSA) lawsuit brought by a former employee of

---

[1] Williamson County is the only proper defendant, as the Williamson County Sheriff's Department is not an independent, juridical entity. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (noting a police department cannot be sued unless the city has designated the department as an independent entity).

Williamson County, Texas. Plaintiff Kevin Jones, a former sheriff's deputy for the Williamson County Sheriff's Office, alleges he was required to work in excess of forty hours per week and not given the legally required overtime compensation, which, he contends, was a willful violation of the FLSA by his employer, Williamson County, Texas. Compl. [#1] at 2–3. Jones prays for three years of overtime back pay, attorneys' fees, and liquidated damages for himself and all other similarly situated parties. Compl. [#1] at 4. For the three years at issue in this lawsuit, Jones alleges he worked, and should recover, twenty hours of unpaid overtime per month. Pl.'s Resp. [#25] at 3.[2]

In its Memorandum in Support of its Motion for Summary Judgment [#21], Defendant Williamson County argues Jones has been paid for all hours to which he is entitled because Jones was compensated for the time he reported, which the County believed Jones entered "honestly and accurately." Mem. Supp. Def. [#21] at 5–7. For Jones to establish an FLSA claim against his former employer, Williamson County asserts Jones must prove he "actually worked" unpaid overtime hours and Williamson County had actual or constructive knowledge of those overtime hours. *Id.* at 13.

Williamson County contends Jones has no evidence he "actually worked" more than the statutory-maximum number of hours under the FLSA, which the County contends is eighty-six per two-week pay-period for law enforcement agencies pursuant to 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230. *Id.* at 9–10. Furthermore, due to Jones admittedly using vacation time[3] so his hours worked would total eighty in any given two-week pay-period, Jones would not be due statutory overtime for time-reports showing hours worked in excess of eighty hours—unless he could prove

---

[2] Jones initially only alleged sixty hours were owed per year. Compl. [#1] at 3.

[3] Including vacation time, holiday time, sick time, and "Red Days," which are days within each pay-period on which a deputy is entitled to five hours and forty-five minutes of compensated time off. Mem. Supp. Def. [#21] at 5.

he actually worked over eighty-six hours, which excludes the number of vacation hours used. *Id.* at 11–12. Likewise, Williamson County alleges Jones has no evidence in support of the Defendant's actual or constructive knowledge of Jones working over the statutory maximum without legally sufficient compensation. *Id.* at 13.

Jones argues testimony of his Williamson County supervisors—Sergeant David Denson and Lieutenant Anthony Carter—and fellow employee, Detective Donald Foiles, show the County's actual or constructive knowledge of Jones and other officers working overtime hours without legally sufficient compensation. Pl.'s Resp. [#25] at 3–4. The testimony in question occurred before a State Office of Administrative Hearings (SOAH) F-5 proceeding which ultimately upheld Jones's termination.[4] Jones asserts this testimony proves Williamson County knew officers sometimes did not report overtime hours due to their lack of pre-approval for overtime. *Id.* Specifically, Jones argues Denson's testimony shows supervisors had knowledge Jones actually worked overtime and did not get paid, due to his lack of pre-approval. *Id.* at 5. Similarly, Jones alleges Carter's and Foiles's testimony proves Williamson County's knowledge of Jones's unpaid overtime during, for instance, November 12–25, 2010. *Id.* at 5–6. Jones further alleges the County's "fob reports for entry and exit and computer login and logout information," along with Jones's filed time-reports, corroborate the County's actual or constructive knowledge of Jones's unpaid overtime hours. *Id.* at 10–11.

Specifically addressing the November pay-period—which is the only specific instance Jones points to—for which Jones claims proof of unpaid overtime, Williamson County argues Jones

---

[4] Plaintiff Kevin Jones has filed a separate lawsuit in this Court (the Honorable Lee Yeakel presiding) arising from his employment with, and termination from, the Williamson County Sheriff's Office, in which he alleges retaliation and Americans with Disabilities Act claims. *Jones v. Williamson County Sheriff's Office*, No. A:12-CV-0062-LY (W.D. Tex. Jan. 20, 2012). The Court granted summary judgment for Williamson County, and Jones has appealed.

worked nowhere near the statutory maximum of eighty-six hours. Mem. Supp. Def. [#21] at 15. Williamson County alleges Jones used some "eighteen hours and forty-five minutes" of vacation time for the November pay-period in question, thereby placing him well within the statutory maximum hours under the FLSA. *Id.* Presently, Williamson County has moved for summary judgment.

**Discussion**

As a preliminary matter, this Court addresses Plaintiff's Second Amended Unopposed Motion to Extend Time for Filing Summary Judgment Response [#26] and Defendant Williamson County's Unopposed Motion for Extension of Time to File Its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [#27], both of which are GRANTED. The Court will now address certain evidentiary objections Williamson County raises, before turning to the Motion for Summary Judgment.

I.      **Evidentiary Objections**

Williamson County objects to the bulk of Jones's evidence. First and foremost, Jones relies almost exclusively on transcripts of testimony given by his supervisors at his F-5 termination hearing before SOAH. Williamson County correctly notes this evidence, relating to hours worked, and whether Williamson County supervisors were aware of any unreported overtime, and offered for the truth of the same, is hearsay. FED. R. EVID. 801(c). Jones has not responded to Williamson County's objection, nor does his summary judgment Response make any effort to establish any hearsay exception. Although there is an exception to the hearsay rule for prior testimony, the exception is limited to (1) instances in which the declarant is unavailable as a witness, and (2) is offered against a party who had "an opportunity and similar motive to develop it by direct, cross-, or redirect

-4-

examination." *Id.* R. 804(b)(1). Here, there is no indication the supervisors are unavailable as witnesses, and Williamson County did not have a similar opportunity to develop the testimony before SOAH: at issue there was whether Jones was properly terminated for untruthfulness and poor performance, not whether Williamson County was suffering employees to work more than eighty-six hours per pay-period, or was failing to pay FLSA overtime for time over eighty-six hours. As such, the SOAH testimony is inadmissible hearsay, and may not be considered in ruling on the instant motion for summary judgment. FED. R. CIV. P. 56; *Mersch v. City of Dallas*, 207 F.3d 732, 734–35 (5th Cir. 2000). The Court accordingly SUSTAINS the objection to the SOAH testimony.

Williamson County also objects to Jones's corrections to his deposition testimony, and his post-deposition affidavit, which repeats the same matters. Significantly, in his deposition, Jones admitted his supervisor, Denson, would not have known whether Jones actually worked past his scheduled shift on any given day, and equally would not have known how many hours Jones might have worked after his shift ended. Def.'s Mot. Summ. J. [#21-2], Ex. A, at 26. In addition, Jones estimated his unreported time would average ten hours per month, i.e., ten hours over the 180-hours he would be typically scheduled to work, at most, in two consecutive pay-periods. *Id.* at 27. In his corrections and affidavit, Jones seeks to contradict this testimony, claiming to have worked twentyunreported hours per month. Williamson County objects to this as a sham correction, and the Court agrees. *See Williams v. Simmons Co.*, 185 F. Supp. 2d 665, 680 (N.D. Tex. 2001) ("These assertions are to be given no weight, for they contradict Plaintiffs' earlier depositions, serving only as sham affidavits to stave off summary judgment."); *see also Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony,

this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."). Accordingly, the Court SUSTAINS the objection to Jones's assertions, made in his affidavit and deposition corrections, as to having worked twenty unreported hours per month. The Court will now turn to the Motion for Summary Judgment.

## II.   Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343

(5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## III.   FLSA Standard

Under the FLSA, no employer shall employ any of its employees for a work week that is longer than forty hours, unless the employee is paid at least one and one-half times the regular rate for all overtime hours. 29 U.S.C. § 207(a); *Harvill v. Westward Comm., LLC.*, 311 F. Supp. 2d 573, 583 (E.D. Tex. 2004). Congress provided an exemption to this broad rule for police forces, "[i]n order to ameliorate the manifest adverse effect of this provision on public agencies responsible for providing public services . . . [by] enact[ing] [§] 207(k)," which allows local governments to slightly modify the FLSA overtime calculation. *Local 889, Am. Fed'n of State, Cnty., & Mun. Emps., Council 17 v. Lousiana*, 145 F.3d 280, 283 (5th Cir. 1998). For law-enforcement personnel, this partial exemption yields overtime compensation only when officers work in excess of the ratio of

one hundred and seventy-one hours to twenty-eight days. *See* 29 C.F.R. § 553.201. For organizations, like Williamson County, which operate under a fourteen-day pay-period, § 207(k) requires officers to only be paid overtime for hours worked in excess of eighty-six hours per pay-period.[5] 29 C.F.R. § 553.230(c).

## IV.   Application

As the Court has sustained objections to all of Jones's relevant evidence, the Court GRANTS the Motion for Summary Judgment because Jones quite literally has no evidence. Alternatively, the Court will address the merits as if the challenged evidence were in fact admissible.

Williamson County raises the following summary judgment positions: (a) Jones has no evidence he worked, and was not paid for, hours in excess of the statutory maximum as defined by § 207(k); (b) there is no evidence Williamson County knew Jones worked unpaid overtime hours during any pay-period; and (c) Jones's specific allegation of Williamson County's refusal to pay Jones his reported overtime during November 12, 2010, through November 25, 2010, is without evidentiary basis because the evidence shows Jones's hours worked were well-short of the statutory maximum under the FLSA. The Court addresses each of Williamson County's assertions in turn.

However, as a preliminary matter, the Court first reviews Jones's argument Williamson County has not proven it is "entitle[d] to exemption from the FLSA," Pl.'s Resp. [#25] at 11, as it is central to the FLSA overtime calculation and this motion for summary judgment. Williamson County falls squarely within § 207(k)'s purview. Section 207(k) mandates an FLSA modification for employees "employ[ed] by public agency engaged in . . . law enforcement activities." As Jones

---

[5]Williamson County notes a more conservative version of the statutory equation (171 hours ÷ 2 = 85.5 hours) would be eighty fives hours. However, § 553.230(c) specifies eighty-six hours, a figure implicitly endorsed by the Fifth Circuit in *Local 889*, 145 F.3d at 284, and the Court will therefore refer to eighty-six hours throughout this opinion. However, the Court's conclusions are equally true if the correct figure is in fact eighty-five hours.

himself offers, he was employed as a "police officer of Defendant," a "Sheriff's Office," by name and function. Pl.'s Resp. [#25] at 1. It is thus beyond understanding Jones would later allege his former employer was not, in fact, a law enforcement agency for the purposes of the FLSA. Because the Williamson County Sheriff's Office is, by definition, a public agency engaged in law enforcement, it is subject to § 207(k)'s partial exception to the FLSA. Therefore, Williamson County Sheriff's Office employees are only entitled to overtime wages for hours worked in excess of eighty-six in a two-week pay-period. *See* 29 C.F.R. § 553.230(c).

**A.      Jones Has No Evidence He Worked Unpaid Statutory Overtime Hours.**

Jones offers testimony of Sergeant David Denson as support of him working unpaid overtime hours for Williamson County. Pl.'s Resp. [#25] at 4. In summarizing the testimony, Jones alleges Denson "knew that Jones worked overtime on [November 28, 2010,] but because Jones did not get pre-approval, he was not paid." *Id.* at 5.

Although it is true Denson's testimony uses the word "overtime" in regards to Jones working without compensation due to his lack of pre-approval, the overtime to which the testimony is referring is clearly different from that of § 207(k) and 29 C.F.R. § 553.230(c). In those sections, overtime is defined as hours worked in excess of the statutory maximum, which is eighty-six in a two-week pay-period for law enforcement. *See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(c). Denson's testimony in question, however, is clearly defining overtime as hours worked past one's scheduled time. *See* Pl.'s Resp. [#25], Ex. 1, at 33. Because police officers are not entitled to overtime pay under the FLSA simply when they work over their scheduled shift, Denson's testimony about Jones working past his normally-scheduled shift without compensation is not evidence of Jones working over eighty-six hours in any two-week pay-period.

Likewise, Jones alleges testimony by Lieutenant Carter—one of Jones's supervisors—provides evidence for Jones's FLSA claim. Pl.'s Resp. [#25] at 5. Carter's testimony speaks to an incident on November 18, 2010, where Jones worked without pre-approval and, therefore, without compensation, for over eighty hours in a two-week pay-period. *Id.* [#25], Ex. 2, at 55. However, nothing in Carter's testimony gives evidence to Jones working in excess of eighty-six hours, overtime as defined by § 207(k), for the pay-period in question. Thus, it is not evidence for a valid FLSA claim for law enforcement personnel pursuant to § 207(k) and 29 C.F.R. § 553.230(c).

Similarly, Detective Foiles's testimony is no evidence for Jones's FLSA claim, as it, like Jones's other proffered evidence, only addresses Jones working in excess of his assigned shift, on a single day. *See* Pl.'s Resp. [#25], Ex. 3, at 85. Even in Jones's own affidavit, which Jones offers as corroborating evidence that defeats summary judgment, the evidence is silent about Jones working in excess of the statutory maximum number of hours, as defined by § 207(k) and 29 C.F.R. § 553.230(c), within a given pay-period. As such, Jones has offered no evidence of a valid, recoverable, FLSA claim.

Nor, for that matter, is Jones's own deposition testimony, even as "corrected," to the contrary, because at no point does Jones claim to have worked more than eighty-six hours in a given pay-period; rather, like his counsel, Jones labours under the misapprehension he is entitled to overtime simply for working past any particular shift, or for working more than eighty hours in a pay-period. At no point does Jones provide any evidence of having worked more than eighty-six hours in a pay-period, beyond conclusory assertions, based on after-the-fact estimates, rather than any estimate he made at the time, suggesting he worked ten or twenty hours per month without reporting it. *Cf.*

*Reeves v. Int'l. Tel. & Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir. 1980), *implicitly overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133–34 (1988) (holding a "running total" of hours worked satisfies the employee–plaintiff's burden).

**B.      Jones Has No Evidence Williamson County Actually or Constructively Knew Jones Worked Unpaid Statutory Overtime Hours**

For the same reasons, Jones likewise has no evidence Williamson County knew or constructively knew Jones was working more than eighty-six hours per pay-period, because all of the purported evidence Jones points to simply indicates Jones's supervisors knew he—like many other employees—sometimes worked more than eighty hours per pay-period. None of the evidence indicates they knew he was working more than eighty-six hours at a stretch, and no evidence suggests a basis for constructive knowledge.

As such, even if Jones did surreptitiously work more than eighty-six hours in a single pay-period, he is not entitled for overtime payment for such hours, because Williamson County did not "suffer or permit [him] to work" the time in question.  29 U.S.C. § 203(g); *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir. 2008) (holding "where the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA]").

**C.      There is No Evidence Jones Worked More than Eighty-Six Hours in November 2010**

The same flaw undermines the single specific instance of allegedly unpaid overtime Jones points to: there is no evidence Jones worked more than eighty-six hours during the period from November 12, 2010, to November 25, 2010, and no evidence Williamson County was aware of Jones working more than eighty-six hours. Moreover, the record establishes Jones used eighteen hours and

forty-five minutes of holiday leave, in order to take off part of November 14, 2010, and the whole of November 23, 2010. Def.'s Mot. Summ. J. [#21-4], Ex. B, at 11. In addition, according to the timesheet for the period in question, Jones actually worked only sixty-one hours and fifteen minutes. *Id.* Jones has no evidence he worked over twenty-five additional hours off the clock during the period in question. Rather, construing the evidence in the light most favorable to Jones, he only has evidence he worked two additional hours on November 18, from 6:00 p.m. to 8:30 p.m.

For all of the forgoing reasons, the Motion for Summary Judgment [#20] is GRANTED.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Kevin Jones's Second Amended Unopposed Motion to Extend Time for Filing Summary Judgment Response [#26] is GRANTED;

IT IS FURTHER ORDERED that Defendant Williamson County's Unopposed Motion for Extension of Time to File Its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [#27] is GRANTED;

IT IS FURTHER ORDERED that Defendant's Objections to Plaintiff's Summary Judgment Evidence [#29] are SUSTAINED in part, as described in this opinion;

IT IS FINALLY ORDERED that Defendant Williamson County's Motion for Summary Judgment [#20] is GRANTED.

SIGNED this the **30**ᵗʰ day of August 2013.

_Sam Sparks_

SAM SPARKS
UNITED STATES DISTRICT JUDGE

543 ord mot summ j msj wc jih.wpd